UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALOM FELLOWSHIP
INTERNATIONAL,

         Plaintiff,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY,

         Defendant.
_____/

Case No. 2:17-cv-12831
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING IN PART and DENYING IN PART DEFENDANT'S MOTION TO COMPEL MORE COMPLETE ANSWERS TO DISCOVERY (DE 14)**

Plaintiff originally filed this lawsuit in state court on July 27, 2017 concerning an alleged February 17, 2016 water loss at 1752 Alexander Drive, Bloomfield Hills, Michigan. (*Id*. ¶¶ 1, 6.) Plaintiff alleges breach of contract and seeks an appraisal under Mich. Comp. Laws § 500.2833. (*Id*. ¶¶ 11-20.)

Defendant removed the case to this Court on August 28, 2017 and has since filed its answer, affirmative defenses, and jury demand. (DEs 1, 2.) Pursuant to the Court's April 17, 2018 order granting first extension of dates, discovery concludes on July 2, 2018 and dispositive motions are to be filed on or before August 1, 2018. (DE 13.)

Currently before the Court is Defendant's April 26, 2018 motion to compel more complete answers to discovery, regarding which a response and a reply have been filed. (DEs 14, 17 & 18.) At issue in this motion are Plaintiff's responses to Defendant's January 17, 2018 interrogatories and requests to produce, as well as Defendant's March 19, 2018 request for supplementation and Plaintiff's March 28, 2018 letter. (DEs 14-2 – 14-5.)

Judge Edmunds referred this motion to me for hearing and determination. A hearing was noticed, and, on June 14, 2018, Attorneys Douglas G. McCray and Nathan G. Peplinski appeared in my courtroom. Having considered the motion papers and the oral argument from counsel for the parties, the Court issued its ruling from the bench.

Accordingly, for the reasons stated on the record, all of which are incorporated herein by reference, Defendant's motion to compel (DE 14) – as narrowed by the pre-hearing joint list of unresolved issues (DE 21) – is **GRANTED IN PART** and **DENIED IN PART** as follows:

- **Interrogatory No. 3:** Plaintiff shall supplement its answer under oath to explain how the $68,519.41 figure is calculated and which documents support the calculation. (*See* DE 14-2 at 5, DE 14-5 at 4, DE 17-18, and DE 17-19.)

- **Interrogatory No. 4:** Plaintiff shall supplement its answer under oath, with a focus on: **(a)** spelling out the details of the "sit down" between Bill Roberts and the Insured to "hammer out the numbers" and what conclusion emerged from that effort; and, **(b)** any other consequential damages, including

2

details of what they are or an explanation for why such details are not available. (*See* DE 14-2 at 5-6, DE 14-5 at 4.)

- **Interrogatory No. 5:** Plaintiff's objection as to form is sustained, and no supplementation is required. Notwithstanding its objection, Plaintiff has adequately answered, as supplemented within Plaintiff's counsel's March 28, 2018 letter, which is part of the record in this case. (*See* DE 14-2 at 6-7, DE 14-5 at 5-6.)

- **Interrogatory No. 12:** Plaintiff's answer is adequate. (*See* DE 14-2 at 11-12; *see also* DE 14-5 at 6.)

- **Request to Produce No. 1:** Plaintiff's response, as supplemented by the March 28, 2018 letter, is adequate. (*See* DE 14-3 at 2-3, DE 14-5 at 6.)

- **Request to Produce No. 3:** Plaintiff shall supplement its response by including the information set forth in pages 8-9 of its response brief in a formal response and provide anything else needed to assure responsiveness. (*See* DE 14-3 at 4, DE 14-5 at 6, DE 17 at 14-15.)

- **Request to Produce No. 4:** Plaintiff's response is adequate, as given initially, as further explained in the March 28, 2018 supplemental letter response, and as referred to in the interrogatory answers. (*See* DE 14-3 at 4-5, DE 14-5 at 6-7.)

- **Requests to Produce Nos. 5-8:** Plaintiff shall: **(a)** supplement its responses to restate them without the open-ended "but not limited to" language; **(b)** explain why it cannot identify all documents that may be responsive to these requests; and, **(c)** make supplemental production in accordance with Fed. R. Civ. P. 26(e) throughout the course of this litigation forthwith if responsive documents become newly available, <u>explaining how and when the newly produced documents became available</u>, except that if such documents only came into Plaintiff's possession by way of Defendant's own document production, Plaintiff need not re-produce them but need only identify them

3

as responsive to these requests and supportive of the allegations contained in Paragraph 13 of the complaint. (*See* DE 14-3 at 5-7, DE 14-5 at 7, DE 1-2 at 4-5 ¶13.)

Plaintiff must comply its obligations to provide supplementation, as specified in this Order, no later than **Tuesday, June 26, 2018**.

Finally, costs are not awarded to either party. The motion and response were substantially justified, and "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**


Dated: June 15, 2018                s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE


### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 15, 2018, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti