UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALOM FELLOWSHIP
INTERNATIONAL,

        Plaintiff,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY,

        Defendant.

_____/

Case No. 2:17-cv-12831
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER GRANTING IN PART and DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND/OR FOR AN *IN
CAMERA* HEARING (DE 19)**

**I.    OPINION**

    **A.    Introduction**

Plaintiff originally filed this lawsuit in state court on July 27, 2017 concerning an alleged February 17, 2016 water loss at 1752 Alexander Drive, Bloomfield Hills, Michigan. (DE 1-2 ¶¶ 1, 6.) Plaintiff alleges breach of contract and seeks an appraisal under Mich. Comp. Laws § 500.2833. (*Id*. ¶¶ 11-20.)

Defendant removed the case to this Court on August 28, 2017 and has since filed its answer, affirmative defenses, and jury demand. (DEs 1, 2.) Fraud is among its many affirmative defenses. (*See* DE 2 ¶¶ 4(i), 5.)

Pursuant to the Court's second amended stipulated scheduling order, discovery concludes on August 16, 2018 and dispositive motions are to be filed on or before September 17, 2018. (DE 27.)

**B.     Instant Motion**

Currently before the Court is Plaintiff's May 30, 2018 motion to compel discovery and/or for an *in camera* hearing, regarding which a response and a reply have been filed. (DEs 19, 23 & 25.) Among the matters at issue in this motion are Defendant's redactions on approximately fifty-six (56) pages of produced documents. (DE 19 at 4, 18, 32.)

Judge Edmunds referred this motion to me for hearing and determination. A hearing was held on July 10, 2018.

**C.     Standard**

Fed. R. Civ. P. 26(b), which concerns the scope and limits of discovery, provides for protection of materials "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A); *see also* Fed. R. Civ. P. 26(b)(4)(D). "By its very terms, Fed. R. Civ. P. 26(b)(3), prevents discovery of documents prepared in anticipation of litigation by a party's attorney or a party's insurer unless the party seeking discovery satisfies two requirements, substantial need for them, and the inability to obtain the substantial equivalent of them without undue hardship." *Taylor v. Temple & Cutler*, 192 F.R.D. 552, 556–557 (E.D. Mich. 1999) (Borman, J.). In

2

addition, with the exception of a few circumstances, it protects "communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications[.]" Fed. R. Civ. P. 26(b)(4)(C). As the Supreme Court has noted:

> Examination into a person's files and records, including those resulting from the professional activities of an attorney, must be judged with care. It is not without reason that various safeguards have been established to preclude unwarranted excursions into the privacy of a man's work. At the same time, public policy supports reasonable and necessary inquiries. Properly to balance these competing interests is a delicate and difficult task.

*Hickman v. Taylor*, 329 U.S. 495, 497 (1947). However, "documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes, are not covered by the work product privilege." *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (citations omitted).

"A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation.'" *Roxworthy*, 457 F.3d at 593 (quoting *In re Powerhouse Licensing, LLC,* 441 F.3d 467, 473 (6th Cir. 2006); *Toledo Edison Co. v. G A Techs., Inc.,* 847 F.2d 335, 339 (6th Cir. 1988)). "To determine whether a document has been prepared 'in anticipation of litigation,' and is thus protected work product, we ask two questions: (1) whether that document was prepared

'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009) (citing *Roxworthy,* 457 F.3d at 594).

**D. Discussion**

    **1. Pre-lawsuit timeline**

As mentioned above, the loss at issue in the case allegedly took place on February 17, 2016. (DE 1-2 ¶ 6.) The parties' motion papers establish the following timeline, which is relevant to the issues remaining to be decided:

- On March 3, 2016, Defendant issued a $27,106.85 check, payable to Plaintiff. (DE 23-5.)

- By a letter dated March 4, 2016, Defendant informed Plaintiff that "a portion of your Property claim is covered under your policy." (DE 19-2.)

- On April 12, 2016, Defendant issued a reservation of rights letter. (DE 23-4.) **Defendant contends that, at least since this date, it anticipated litigation.** (DE 23 at 6, DE 32 ¶ 7.)[1]

- By a letter dated October 14, 2016, Defendant requested a Sworn Statement in Proof of Loss. (DE 19-4, DE 19-5.)

---

[1] However, on the record as a whole, the Court agrees with Plaintiff that this assertion is neither credible nor objectively reasonable. (DE 33 at 3.) *See Roxworthy*, 457 F.3d at 594. Further, the Court is unaware of any *per se* rule that automatically equates the issuance of a reservation of rights letter, as is commonly done to spell out policy language and exclusions from coverage, with anticipation of litigation.

4

- A November 29, 2016 revised estimate approximates the replacement cost value as $250,306.91. (DE 19-3.)

- On December 5, 2016, Plaintiff executed a sworn statement in proof of loss, which appears to have been forwarded to Defendant on December 6, 2016. (DE 23-7, DE 19-5.)

- On December 8, 2016, the public adjuster for the insured/owner purportedly forwarded a supporting estimate to Defendant. (DE 19-6.)

- On December 9, 2016, Defendant's representative responded, referring to the March 4, 2016 partial denial letter and requesting "documentation that is being submitted only for Nationwide's claim, not Nationwide and possible other carriers." (DE 19-7.)

- The adjuster responded on December 13, 2016, with a revised estimate assessing the replacement cost value at $130,234.86. (DEs 19-8, 19-9.)

- The adjuster followed up via email on December 15 and December 19, 2016. (DE 19-10.)

- On December 20, 2016, Defendant denied Plaintiff's claim for failure to timely provide a "complete sworn proof of loss . . . ." (DEs 19-11, 19-12, 23-2.) ***Plaintiff does not seek documents generated after this date.*** (DE 19 at 15.)

Approximately seven (7) months later, on July 27, 2017, Plaintiff filed the instant lawsuit in state court.

### 2. Plaintiff's post-lawsuit discovery efforts

On or about July 28, 2017, Plaintiff served Defendant with discovery requests. (DE 19 at 2 ¶ 3.) On December 18, 2017, Defendant produced more

5

than 2300 pages of documents and a privilege log.  (*Id.* ¶ 4; DE 23-6, DE 19-13.)

As described by Plaintiff, these included:  **(a)** "reserve" documents; **(b)** emails and log notes regarding adjuster analysis; and, **(c)** correspondence regarding communication with counsel on the coverage opinion.  (*See* DE 19 at 16-17; DEs 19-1, 19-14, 19-15, 19-16.)

On March 28, 2018, Plaintiff's counsel wrote to defense counsel regarding, *inter alia*, apparently missing core items and certain redacted documents.  (DE 19-17.)  On April 27, 2018, Defendant served answers to Plaintiff's amended first interrogatories.  (DE 25-1.)  Following Plaintiff's May 30, 2018 motion, Defendant has agreed to release redactions from certain documents - Bates Nos. 922 (dated 02/19/2016), 1311-1313 (dated 03/01/2016 – 03/03/2016).  (DE 23-3; *see also* DE 23 at 4.)

### 3. July 10, 2018 Motion Hearing & Unresolved Issue No. 1

By the time of the hearing, only four (4) issues remained unresolved.  (DE 30.)  On the date set for hearing, Attorneys Douglas G. McCray and Nathan G. Peplinski appeared in my courtroom.  Having considered the motion papers and the oral argument from counsel for the parties, as narrowed by the July 6, 2018 statement of resolved and unresolved issues (DE 30), the Court issued a partial ruling from the bench.  Specifically, for the reasons stated on the record on July 10, 2018, all of which are incorporated herein by reference, Defendant need not submit

for *in camera* review the redacted documents it contends are "work product" because they reference its reserves (**Unresolved Issue No. 1**); Defendant's relevance and discoverability objections with respect to reserve information are **SUSTAINED**.[2]

### 4. The Court's *In Camera* Review Regarding Unresolved Issue Nos. 2 & 3

To facilitate the Court's *in camera* determination of whether certain other documents were prepared "in anticipation of litigation" and are properly designated as work product, Fed. R. Civ. P. 26(b)(3)(A), Defendant was permitted to file the affidavit referenced at the hearing on or before July 17, 2018, which it did on July 16, 2018. (DE 32 [Milfort Affid.].) Plaintiff was given leave to file a supplemental brief or responding affidavit, not to exceed five (5) pages, on or before July 24, 2018, which it did on July 20, 2018. (DE 33.)

On July 16, 2018, Defendant produced 19 pages of documents for an *in camera* review, as directed.

#### a. Unresolved Issue No. 2 (the 12 pages of Category 2)

Plaintiff contends that certain "emails and log notes involving adjusters analyzing coverage and/or settlement, which Nationwide contends are 'work

---

[2] These documents are designated under "Category 1" in Plaintiff's brief's summary chart. (DE 19 at 18.) At the hearing, Plaintiff conceded that, as a result of my ruling on this issue, the Court need not review Plaintiff's challenge to Defendant's characterization of these documents as "work product."

7

product,'" are not so protected. (DE 30 at 4.) Having conducted an *in camera* review of the following 12 pages, the Court concludes that:

- **Bates No. 313 (dated May 20, 2016):** Defendant's work product objection is **OVERRULED**.

- **Bates No. 321 (dated April 26, 2016):** Defendant's work product objection is **OVERRULED** (as it relates to coverage), except for the last sentence, as to which it is **SUSTAINED** (which relates to reserves).

- **Bates Nos. 353 - 354 (dated April 26, 2016):** Defendant's work product objection is **SUSTAINED** as to the entire 10:52 a.m. email and the last sentence of the 9:07:25 a.m. email (which concerns reserves), but it is otherwise **OVERRULED**.

- **Bates Nos. 412 - 413 (dated April 22, 2016):** Defendant's work product objection is **OVERRULED**.

- **Bates No. 922 (dated February 19, 2016):** Defendant's work product objection is **OVERRULED** .

- **Bates No. 1319 (dated February 23, 2016):** Defendant's work product objection is **OVERRULED**.

- **Bates Nos. 1332 - 1335 (dated February 17, 2016):** Defendant's work product objection is **OVERRULED**, except for the seven lines

8

on Bates No. 1332 that begin with NOA and conclude with 4/15/2014 (which concern reserves), as to which the objection is **SUSTAINED**.

(DE 19 at 18.)

### b. Unresolved Issue No. 3 (the last 7 of the 8 pages of Category 3)

Plaintiff also seeks *in camera* review of certain "log notes from December of 2016 that Nationwide claims are 'Attorney client/Work product' because they are 'correspondence regarding communication with counsel on coverage opinion.'" (DE 30 at 6-7.)

Preliminarily, **Bates No. 1261** is dated December 21, 2016. The Court need not review this page, as Plaintiff does not seek documents generated after December 20, 2016, the date of denial for failure to timely provide a "complete sworn proof of loss . . . ." (DE 19 at 15; DEs 19-11, 19-12, 23-2.) Having conducted an *in camera* review of the following seven pages, the Court concludes that Defendant:

- **Bates No. 355 (dated April 28, 2016):** Defendant's objection on the basis of attorney-client privilege is **SUSTAINED**, as it involves correspondence between attorney John D. White and Defendant's claims specialist, Joseph A. Milfort.

- **Bates Nos. 1263 – 1264 (dated December 14 – 19, 2016):** Defendant's objection on the bases of attorney-client privilege and work product are **OVERRULED** for the December 14, 2016 through December 18, 2016 entries, but the attorney-client privilege objection is **SUSTAINED** for the December 19, 2016 entry.

9

- **Bates No. 1282 (dated May 6 – May 9, 2016):** Defendant's work product objection is **SUSTAINED**, and the redactions stand.

- **Bates No. 1283 (dated May 4, 2016):** Defendant's work product objection and attorney-client privilege objections are **OVERRULED**.

- **Bates No. 1284 (dated April 27 – May 4, 2016):** Defendant's objection on the basis of attorney-client privilege is **SUSTAINED**, and the redactions stand.

- **Bates No. 1285 (dated April 26 – 27, 2016):** Defendant's objection on the basis of attorney-client privilege is **SUSTAINED**, and the redactions stand.

(DE 19 at 18.)

    c.    **Conclusion**

In sum, for those assertions of work product that have been rejected: **(1)** several of the documents pre-date April 12, 2016, the date of Defendant's reservation of rights letter and the point at which Defendant contends, at least, it anticipated litigation (DE 23-4, DE 23 at 6, DE 32 ¶ 7); **(2)** Defendant has not met its requisite burden, *Roxworthy*, 457 F.3d at 593; **(3)** anticipation of litigation and the relevance and discoverability of coverage decisions are not necessarily mutually exclusive; and/or, **(4)** where the assertion of work product has been partially rejected, it appears to the Court that the item in question is not necessarily related to litigation strategy but is simply a document which reflects a calculation of coverage, which is at the very heart of this dispute, and which may constitute a party admission or may serve as a foundation for a position taken on coverage. As

to attorney-client privilege, the Court protected actual communications between attorney and client that seek or convey legal advice, or other internal communications that refer to *privileged content*; however, the mere reference to an *intention* to seek the advice of counsel is not privileged, in and of itself. *See* 1 *McCormick on Evidence* (7th ed.) at 545-555, §§ 89-90 (2013).

### 5. Unresolved Issue No. 4 and the Milfort Deposition

Finally, the Court further notes that **Unresolved Issue No. 4** - the issue regarding emails from between approximately December 13 and 18, 2016 - has been rendered **MOOT**, as Defendant represents it "has nothing left to produce." (DE 30 at 7-8.) In addition, the issue related to Mr. Milfort's deposition has been resolved. (DE 30 at 8-9.)

## II. ORDER

In accordance with the foregoing rulings, Plaintiff's motion (DE 19) is **GRANTED IN PART** and **DENIED IN PART**. Defendant **SHALL** comply with its obligations to provide supplementation and/or to remove redactions, as specified in this Order, no later than **Thursday, August 23, 2018**.

**IT IS SO ORDERED.**

Dated: August 9, 2018     s/*Anthony P. Patti*
                          Anthony P. Patti
                          UNITED STATES MAGISTRATE JUDGE

## Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 9, 2018, electronically and/or by U.S. Mail.

s/Michael Williams  
Case Manager for the  
Honorable Anthony P. Patti