UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALOM FELLOWSHIP
INTERNATIONAL,

        Plaintiff,

v.

NATIONWIDE MUTUAL
INSURANCE COMPANY,

        Defendant.

_____/

Case No. 2:17-cv-12831
District Judge Nancy G. Edmunds
Magistrate Judge Anthony P. Patti

# ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT DISCLOSURES AND EXPERTS (DE 46)

Plaintiff originally filed this lawsuit in state court on July 27, 2017 concerning an alleged February 17, 2016 water loss at 1752 Alexander Drive, Bloomfield Hills, Michigan. (*Id*. ¶¶ 1, 6.) Plaintiff alleges breach of contract and seeks an appraisal under Mich. Comp. Laws § 500.2833. (*Id*. ¶¶ 11-20.) The Court has denied the parties' motions for summary judgment (DE 48) and noticed a settlement conference for March 21, 2019 (DEs 50, 53).

Meanwhile, on or about November 7, 2018, Plaintiff provided its expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2), specifying that, while there were no "[w]itnesses who must provide a written report[,]" Fed. R. Civ. P. 26(a)(2)(B), there were 13 "[w]itnesses who do not provide a written report[,]" Fed. R. Civ. P.

26(a)(2)(C).  (DE 46-2.)  On November 21, 2018, Defendant filed a motion to strike Plaintiff's expert disclosures and experts (DE 46), regarding which Plaintiff filed a response (DE 47), Defendant filed a reply (DE 52), and the parties filed a joint list of unresolved issues (DE 56).  Judge Edmunds referred this motion to me for hearing and determination.  A hearing was noticed, and, on January 11, 2019, Attorneys Douglas G. McCray and Nathan G. Peplinski appeared in my courtroom.

Having considered the motion papers and the oral argument from counsel for the parties, the Court issued its ruling from the bench.  Accordingly, for the reasons stated on the record, all of which are incorporated herein by reference, Defendant's motion to strike (DE 46) is **GRANTED IN PART** and **DENIED IN PART** as follows:

- William Roberts and Brian Smiegiel, who Plaintiff identifies as "public adjusters," were "retained or specially employed . . .[,]" *inter alia*, "to provide expert testimony in the case . . . ."  Fed. R. Civ. P. 26(a)(2)(B).  In other words, as admitted by Plaintiff's counsel at the hearing, they are advocates.  In reaching this conclusion, the Court was informed by the terms of the contract (*see*, *e.g.*, DE 47-1) and persuaded by various cases, *e.g.*, *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 928722, at *3-*5 (N.D. Ga. Mar. 11, 2016); *Smith v. Allstate Ins. Co.*, No. 1:05-CV-329, 2007 WL 4591603, at *1 (S.D. Ohio June 11, 2007).  Accordingly, Plaintiff must provide Roberts's and Smiegiel's expert disclosures, in conformity with Fed. R. Civ. P. 26(a)(2)(B), on or before **February 13, 2019**.  Defendant may have until **March 20, 2019** by which to rebut these disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(D)(ii).

- The 11 others, who are fairly characterized as contractors, are "[w]itnesses who do not provide a written report." Fed. R. Civ. P. 26(a)(2)(C). They are, at best, hybrid witnesses under Fed. R. Evid. 701 ("Opinion Testimony by Lay Witnesses"). Defendant need not rebut these disclosures and reserves the right to object at trial that testimony from any of these witnesses is outside the scope of Plaintiff's disclosure.

Finally, costs are not awarded to either party. The motion and response were substantially justified, and other circumstances make an award of expenses unjust.

**IT IS SO ORDERED.**

Dated: January 11, 2019              s/*Anthony P. Patti*
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 11, 2019 electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti